THOMAS J. WEYMOUTH *versus* ASA W. BABCOCK & *al.*

A plaintiff having received of C., one of two partners, a sum, (less than half the amount due,) "in full discharge" of their firm note, then in suit, "not meaning to discharge B.," (the other defendant and partner,) "from the balance due on said note, and the suit to be entered neither party," — *Held*, that the plaintiff might discontinue as to C. without costs, and have his judgment against B.; but for *no more* than *half* the amount due on the note at the date of C.'s discharge, deducting any subsequent payments.

Under the statute of 1851, c. 213, no action can be maintained in any court in Maine, upon any demand or claim which has been *settled* by the payment of any sum of money, or other valuable consideration, however small.

ON REPORT from *Nisi Prius*, HATHAWAY, J., presiding.

ASSUMPSIT, on a note for $19,69, given Feb. 23, 1849, on demand and interest, and signed A. G. Brown & Co.

When the action came on for trial, at the October term, 1854, Brown was defaulted, and the plaintiff's attorney offered to enter neither party as to Babcock, the other defendant, or to discontinue as to him without costs.

This offer was declined, the defendant pleaded he never promised with Brown, and issue was joined.

Evidence of the partnership and of the execution of the note, having been introduced, the note was read to the jury.

The defendant Babcock offered, in defence, a receipt in the words following:—                              "Orono, April 19, 1853.

"Received of A. W. Babcock ten dollars, in full discharge for a note signed A. G. Brown & Co., for $19,69, or thereabouts, given me for balance of labor in 1848 or 1849, not meaning to discharge A. G. Brown from the balance due on said note, said note having been sued, and the suit to be entered neither party.                              "Thomas J. Weymouth."

The defendant's counsel had caused, at the October Term, 1853, a general entry to be made under this action, of "neither party," which was subsequently stricken off on plaintiff's motion.   Defendant claimed his costs.

The cause was then withdrawn from the jury, and, upon this evidence, submitted to the decision of the full Court.

*W. C. Crosby*, for defendants.

1. In April, 1853, the parties intended to put an end to this suit, and in a mode that neither party should be liable for costs. The entry was made by defendant, to carry out his contract.

It was beneficial to plaintiff. He has waived the benefit of that entry and should not now complain if the suit is brought to a close in a manner less beneficial to him. The defendant has been wrongfully kept in Court by the bad faith of plaintiff.

2. The contract is not carried out, if plaintiff is allowed to recover any thing, in this suit, against either defendant. No recovery can be had in a suit in which "neither party" is entered. The defendants were partners, having a common interest, and it may properly be inferred, that a portion of the $10 was paid in consideration that the *suit* should be dropped.

*N. Wilson*, for plaintiff, argued, that there was only one point in the case, and that was, as to the construction to be given to the paper offered in defence. It was not a release, not being under seal, and could not discharge the other defendant. *Walker* v. *McCullock*, 4 Maine, 421; *Bailey* v. *Day*, 26 Maine, 88; *Ruggles* v. *Patten*, 8 Mass. 480; *Shaw* v. *Pratt*, 22 Pick. 305; *Smith* v. *Bartholomew*, 1 Met. 276; *Lunt* v. *Stevens*, 24 Maine, 534, and same, 566.

GOODENOW, J.—The defendant Brown has been defaulted, and thereby admits his liability to have judgment rendered against him. The receipt given by the plaintiff to Babcock, dated April 19, 1853, was intended as a discharge of Babcock from his moiety of the note in suit, and not intended as a discharge of Brown. Brown was not a party to it.

Whatever may have been the law as to the effect of payment of part of the demand in lieu of the whole, and as a discharge of the whole, before the statute of June 3, 1851, c. 213, it is now the law that no action can be maintained in any court of this State, on a demand or claim which has been settled, canceled or discharged by a receipt of any sum of

money less than the amount legally due thereon, or for any good and valuable consideration, however small.

As to Babcock, whether the full amount of his moiety of the note was paid by him, or *less* than that, the receipt discharges him. And, by the terms of the receipt, we are of opinion that he is not entitled to costs.

The plaintiff is entitled to judgment against Brown for one moiety of the amount due on the note, April 19, 1853, before the payment made by Babcock, and interest on the same, deducting any payments since made by Brown. *Shaw* v. *Pratt,* 22 Pick. 305; *Pond & al.* v. *Williams,* 1 Gray, 630.

Plaintiff has leave to discontinue as to Babcock without costs. Judgment against Brown for damages, as above stated, and for costs.

TENNEY, C. J., and RICE and APPLETON, J. J., concurred.